IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.  Case No. 1:21-cr-9-AW-MAL
    1:23-cv-6-AW-MAL

PAUL KENNETH PRIDGEON,

    Defendant.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Paul Kenneth Pridgeon sought § 2255 relief. He raised two grounds, both based on ineffective assistance of counsel. First, he claims "counsel failed to object to the prosecutor's breach of the plea agreement for not communicating to the judge his opinion as to the nature and extent of the defendant's cooperation." ECF No. 51 at 4. Second, he faults counsel for not securing a psychiatrist to testify at sentencing about his PTSD. *Id.* at 5.

In a thorough report and recommendation, the magistrate judge concludes Pridgeon is not entitled to relief on either ground and that the petition should be denied without an evidentiary hearing. Having considered the matter de novo, and having considered Pridgeon's objections (ECF No. 66), I agree with the magistrate judge. I now adopt the report and recommendation in full, and I incorporate it into this order. I overrule all of Pridgeon's objections.

1

I need not, and do not, rely on counsel's affidavit, which was attached to the government's response.

I also write to further expand on the absence of prejudice. I was the sentencing judge, and I recall the case. I can state now that no PTSD expert would have caused me to impose a lower sentence. Nor would have greater cooperation (or reports of greater cooperation). As I stated at sentencing, the sentence imposed was necessary to protect the public and to deter Pridgeon. Pridgeon had just been granted early release from a sentence that was already significantly below guidelines. Nonetheless, he promptly returned to introducing dangerous drugs into the community. As I stated at sentencing, there was no reason to think he would not return to distributing drugs if released. Thus, even if Pridgeon were correct that "[t]he [c]ourt did not have the medical expertise to evaluate [Pridgeon's] war disorders and, therefore, [] was unable to form a nexus between his offense conduct and coping mechanism," (Objection at 7), the outcome would have been the same.

Had counsel argued that the government breached the plea agreement, I would have rejected the argument, because there is no indication that the government did breach it.

In his objections, Pridgeon makes claims that were not in his petition. He argues "he was assured that his sentence would be reduced for substantial assistance" and that he "would have proceed to trial" absent that assurance. As a preliminary

matter, he cannot make new claims in an objection to the report and recommendation. Regardless, there are several other problems with those new claims. One, Pridgeon agreed at the plea that there were no promises about the case, and he understood that he was not guaranteed any reduced sentence. Two, Pridgeon *did* get a reduced sentence—a significant variance. And three, he has not shown any basis to conclude he would have proceeded to trial even had he known his guilty plea would lead to the sentence he received, a fraction of the bottom of his guidelines range (which was lower because of acceptance of responsibility).

The bottom line is that Pridgeon has presented no valid claim. The clerk will enter a judgment that says, "The § 2255 petition is denied on the merits." A certificate of appealability is denied.

The clerk will close the file.

SO ORDERED on August 25, 2025.

> s/ *Allen Winsor*
> Chief United States District Judge